UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TROY ANTHONY FRANCIS GORDON,

                                              Petitioner,

-vs-                                  **No. 09-CV-0709(WMS)(VEB)**
                                                 **REPORT and RECOMMENDATION**

MARTIN HERRON, in his official capacity
as Facility Director, Buffalo Federal Detention
Facility, Batavia, New York, MICHAEL PHILLIPS,
as Acting Field Office Director for Detention and
Removal, JULIE L. MYERS, in her official capacity
as Assistant Secretary of United States Immigration
and Customs Enforcement, JANET NAPOLITENO,
in her official capacity as the Secretary of the United
States Department of Homeland Security, and ERIC
H. HOLDER, Jr., in his official capacity as Attorney
General of the United States Department of Justice,

                                              Respondents.
_____

**I.     Background**

*Pro se* petitioner Troy Anthony Francis Gordon ("Gordon"), an alien under a final order of removal, filed a petition for a writ of habeas corpus in this Court seeking release from detention in respondents' custody. (Docket No. 1). The matter was referred to the undersigned for, *inter alia*, issuance of a Report and Recommendation regarding the disposition of Gordon's petition.

During the pendency of Gordon's petition, the Second Circuit issued an order, on June 4, 2010, denying Gordon's petition for *en banc* rehearing of his petition seeking review from that court concerning the legality of the underlying removal order. *See* Docket Entry dated June 4,

2010, in *Gordon v. Mukasey*, No. 07-3691-ag (2d Cir. Aug. 28, 2007). Gordon subsequently claimed that he was required to undergo emergency shoulder surgery as a result of an injury allegedly sustained while in custody, and asserted that Dr. Brenda Bailey of the Federal Detention Facility has put his deportation proceedings "on hold" due to his medical condition. (Docket Nos. 19, 24) Upon this Court's request, the Government submitted an affidavit from Dr. Bailey (Docket No. 26-1) explaining that the surgery was elective and that Gordon was medically cleared for travel. At the same time, on September 22, 2010, the Government filed a Notice of Intent to Remove notifying the Court and Gordon that the Department of Homeland Security ("DHS") intended to remove Gordon from the United States on a government charter scheduled to depart the United States within the next thirty (30) days. (Docket Nos. 26-2, 26-3). Gordon submitted a filing disputing Dr. Bailey's representations regarding his medical condition and requesting copies of his medical records in order to substantiate his claims (Docket No. 27). The Court subsequently directed the Government to produce copies of Gordon's medical records to Gordon and to the Court (Docket No. 28). The Government timely submitted the records as requested on September 29, 2010 (Docket No. 29).

On September 30, 2010, the Government filed a Notice of Removal, stating that Gordon was removed that same day. *See* Notice of Removal dated September 30, 2010, signed by Mary Fleming, Esq., Assistant United States Attorney (Docket No. 30).

On October 7, 2010, the Government filed a Motion to Dismiss the Petition (Docket No. 31, 32) on the grounds that Gordon's removal from the United States has rendered the petition moot. The Government has submitted a copy of the Warrant of Removal/Deportation along with a copy of the confirmation of execution of the warrant on September 30, 2010. *See* Affidavit of

Gail Y. Mitchell, Esq., Assistant United States Attorney (Docket No. 31).

For the reasons set forth below, the Court agrees that dismissal of the petition on the basis of mootness is required and accordingly recommends granting the Government's motion to dismiss.

## II. Discussion

Article III, Section 2 of the United States Constitution establishes the scope of federal courts' jurisdiction, which includes "all Cases . . . arising under this Constitution . . . [and] Controversies to which the Untied States shall be a Party. . . ." U.S. Const., Art. III, § 2, cl. 1. The Supreme Court has explained that "[t]he Constitution's case-or-controversy limitation on federal judicial authority . . . underpins . . . [its] mootness jurisprudence. . . ." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000). "Mootness is juridictional[,]" which "'means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."'" *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005) (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990))).

As the Second Circuit has explained, "[m]ootness can arise in many ways during the course of litigation. If, for example, the plaintiff dies or ceases to be subject to the condition that caused his deprivation his request for prospective injunctive relief is resolved, his claims may in some circumstances become moot." *ABN Amro Verzekeringen BV v. Geologistics Americas, Inc.*, 485 F.3d 85, 93 (2d Cir. 2007) (citing *Rhodes v. Stewart*, 488 U.S. 1, 4, 109 S.Ct. 202, 102 L.Ed.2d 1 (1988) (where two plaintiff-inmates sued prison authorities seeking injunctive relief in

the form of being permitted to subscribe to a magazine, the case was mooted by the death of one plaintiff and the release of the other). "The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983).

"When a case becomes moot, the federal courts 'lack[] subject matter jurisdiction over the action.' *New York City Employees' Retirement Sys. v. Dole Food Co.*, 969 F.2d 1430, 1433 (2d Cir.1992). Defects in subject matter jurisdiction cannot be waived and may be raised at any time during the proceedings." *Fox v. Board of Trustees of the State Univ. of N.Y.*, 42 F.3d 135, 140 (2d Cir. 1994) (internal and other citations omitted; alteration in original).

Here, the only relief that Gordon possibly could obtain from this Court by means of his Section 2241 habeas petition was release from detention in respondents' custody. Moreover, Gordon no longer has any challenges to the deportation order pending in any court, as noted above.

Because the only relief sought by petitioner from this Court was release from respondents' custody, the instant habeas petition became moot upon petitioner's removal from the United States. *See So v. Reno*, 251 F. Supp.2d 1112, 1124 (E.D.N.Y. 2003) ("Mr. So's challenge to the lawfulness of the length of time that he has been held in the physical custody of the INS is moot. Since Mr. So has already been deported, it is impossible to grant his request for supervised release or release on bond or supervision until he can be deported."); *see also Church of Scientology of California v. United States*, 506 U.S. 9, 12 (1992) ("[I]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed.") (quoting *Mills v. Green*, 159

U.S. 651, 653 (1895)). As a consequence of his deportation, which effectively terminated his detention in the Government's custody, Gordon's habeas petition no longer presents a "live" case or controversy for purposes of satisfying Article III, Section 2 of the United States Constitution. It therefore is moot. Because the cause is moot, this Court no longer possesses subject matter jurisdiction over it. Accordingly, dismissal of the petition is proper. *See Spencer*, 523 U.S. at 7 ("[W]here the issues presented by a party in an action are no longer 'live,' or the party lacks a legally cognizable interest in the outcome, the federal action is properly dismissed as moot." (citing *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000)); *accord*, *e.g.*, *Muhammad v. City of New York Dep't of Corrections*, 126 F.3d 119, 122-23 (2d Cir.1997) ("When 'the parties lack a legally cognizable interest in the outcome' of a case, it is moot and the federal courts lack jurisdiction.") (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)).

### III. Conclusion

For the foregoing reasons, the Court recommends granting the Government's Motion to Dismiss (Docket Nos. 31, 32) the petition filed by Troy Francis Anthony Gordon on the basis that it is now moot. The Court further recommends that no certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2).

/s/ Victor E. Bianchini
_____
VICTOR E. BIANCHINI
United States Magistrate Judge

Dated: October 8, 2010
Buffalo, New York

**ORDER**

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ORDERED, that this Report and Recommendation be filed with the Clerk of the Court. ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of this Court within **ten (10)** days after receipt of a copy of this Report and Recommendation in accordance with the above statute, FED. R. CIV. P. 72(b) and Local Rules of Civil Procedure for the Western District of New York, Rule 72.3(a) (3). The failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir.1988); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection. The District Court ordinarily will refuse to consider on *de novo* review arguments, case law and evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985, 990-91 (1st Cir.1988).

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to petitioner and respondent.

**IT IS SO ORDERED.**

                                                    /s/ Victor E. Bianchini
                                        _____
                                                   VICTOR E. BIANCHINI
                                             United States Magistrate Judge

Dated:  October 8, 2010
          Buffalo, New York